
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HARLEY T. ROEHM, | ) | Case No. 13-41385 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| IN RE: | ) | |
| | ) | |
| SANDRA L. SCHLUETER, | ) | Case No. 14-40163 |
| | ) | |
| Debtor. | ) | |

## O P I N I O N

The matters before this Court in these two cases are the Chapter 13 Trustee's motions to modify the Chapter 13 confirmed plans and the Debtors' objections thereto. The Court having heard arguments of the parties and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The facts of each case are as follows. Harley T. Roehm's confirmed plan provides for 36 monthly payments of $100 per month for a total plan base of $3,600.00.[1] At the time of confirmation, Roehm's earnings were $1,500.00 per month from employment and $1,150.00 from social security. Without seeking to further amend his plan, Roehm paid the remaining balance of his plan base by prepaying the last five payments of $100 each. Roehm did not experience an increase in normal earnings or a reduction in expenses. Rather, in anticipation of a loss in income of $1,500.00 per month upon retirement and living only on social security income, he elected to use his

---

[1] The Chapter 13 Trustee's motion to modify refers to an amended plan providing for a plan base of $5,195. However a review of the court file indicates that the Debtor did not file an amended plan. What occurred was that the confirmation order amended the plan by providing that the Debtor was to pay to the Trustee $131 from his 2014 federal income tax refund and $1,464 from his 2015 federal income tax refund, thereby increasing the plan base from $3,600 to $5,195.

portion of his 2015 federal income tax refund to prepay the last five payments instead of making those payments when he was living on social security. The Chapter 13 Trustee filed a motion to modify the Chapter 13 plan to require Roehm to pay five additional monthly payments of $100 each for a total of $500 and thereby increasing the plan base by $500.

Sandra L. Schlueter's confirmed plan provides for 36 monthly payments totaling $4,345.00, with payments for month 20 through month 36 to be $100 per month. At the time of confirmation, Schlueter's sole source of income was from social security in the amount of $1,174.00 per month. Subsequently, after confirmation two things occurred. First, Schlueter's social security increased to $1,250.00 per month, without a reduction in expenses. Second, she received $2,500.00 from insurance on her wrecked vehicle and she elected to go without a vehicle and use the insurance proceeds to bring her plan current and prepay her last seven $100 monthly payments. Without seeking to further amend her plan, she paid the remaining balance of her plan base of $4, 345.00 by prepaying the last seven $100 payments under her plan. The Chapter 13 Trustee filed a motion to modify the Chapter 13 plan to require the Debtor to pay seven additional monthly payments of $100 each for a total of $700 and thereby increasing the plan base from $4,345.00 to $5,045.00.

Section 1329 of the Bankruptcy Code governs the modification of the Debtors' confirmed plans. 11 U.S.C. § 1329; see generally 8 Collier on Bankruptcy ¶¶ 1329.01, 1329.02. Particularly relevant here, a Collier notes that post-confirmation modifications "should be limited to situations in which there has been an unanticipated substantial change in the debtor's income or expenses that was not anticipated at the time of the confirmation hearing." Collier, ¶ 1329.03. Not all courts agree, however, and in *Matter of Witkowski*, 16 F.3d 739 (7th Cir.1994), the United States Court of Appeals for the Seventh Circuit held that a trustee was not required to show a change in a debtor's financial condition and that a confirmed chapter 13 plan could be modified for cause, with the determination of cause being left to the discretion of the bankruptcy judge.

In both of the cases before this Court, the Debtors acted in good faith. Neither Debtor sought

to reduce the amount they were to pay to creditors. Rather, they prepaid their plans. With respect to Roehm, the 2015 federal income tax refund was not unanticipated. At the time of confirmation, the Trustee was aware of the potential 2015 federal income tax refund and the confirmation order provided for a portion of that refund to be turned over to the Trustee. The Trustee also was aware that the balance of the refund was to go to the Debtor. Once received, the Debtor was free to use it as he saw fit. Anticipating a reduction in income from $2,187.00 per month to $1,150.00 per month due to retirement and living on social security, Roehm prepaid the remaining five payments due on his confirmed Chapter 13 plan. The creditors received every cent called for by the confirmed plan and the Debtor had his obligations under the confirmed plan behind him when he went on social security.

Furthermore, from the creditors' perspective, the additional $500.00 sought by the Trustee is of little consequence as compared to Roehm's reduction in income. The bankruptcy schedules list four creditors with total claims of $10,603.67. Only three creditors filed claims with the largest creditor having a claim for $6,993.72 and the smallest creditor having a claim for $1,637.99. After deducting the Trustee's fee, the benefit to the three creditors from the additional payments they would receive pro rata, is relatively small in comparison to the Debtor's over 50% reduction in income due to retirement and living on social security and the difficulty, if not hardship, of living and making the additional payments solely from social security.

Schlueter presents a slightly different factual situation. In her Chapter 13 case, there was no change to the Debtor's earnings or expenses. Her circumstances changed due to the post-confirmation damage to her vehicle and the receipt of the insurance proceeds.[2] Having only

---

[2] Schlueter's receipt of the insurance proceeds did not result in an increase in her disposable income. It is important to consider that any equity in her vehicle at the time of confirmation would have been factored in the Trustee's liquidation analysis. Requiring her to now contribute a portion of those proceeds to creditors under her plan would in effect require her to pay for that vehicle twice.

$1,250.00 per month in income from social security, she elected to forego the purchase of a replacement vehicle and used the insurance proceeds to bring her confirmed plan current and prepay it in full.

In Schlueter, as in Roehm, from the creditors' perspective the additional $500 sought by the Trustee is of little consequence as compared to the Debtor living on social security of $1,250.00 per month. The bankruptcy schedules list eleven unsecured creditors with $7,726.00 in claims. Only five unsecured creditors filed claims with the largest unsecured creditor having a claim for $3,527.95 and the smallest creditor having a claim $341.60. After deducting the Trustee's fee, the benefit to the five unsecured creditors from the additional payments they would receive pro rata is relatively small compared to the difficulty, if not hardship, of the Debtor living and making the additional payments from the $1,250.00 per month received from social security.

In both of these cases, a balancing of the benefits accruing to the Debtors in getting their confirmed plans completed and behind them, with the relatively small additional payments to creditors, clearly favors both of the Debtors. The Debtors' prepayment of their confirmed plans does not justify a finding of cause to further amend their plans.[3]

The result reached in these two Chapter 13 cases is not inconsistent with the Seventh Circuit Court of Appeals decision in *Germeraad v. Powers*, 826 F.3d 962 (7th Cir. 2016) or the bankruptcy court's decision in *In re King*, 439 B.R. 129 (Bankr. S.D. Ill 2010), both cited by the Trustee. Neither case involved the issue of whether a debtor can prepay a confirmed plan. In *Germeraad*, after confirmation the debtors' income had increased by $50,000 and the trustee sought higher monthly payments to pay $22,000 of unsecured claims. Those are hardly the facts of the two cases before this Court. In *King*, the debtors, after confirmation, sought to reduce the number of monthly payments to the trustee and the amount being paid to unsecured creditors. Again, not the facts of the

---

[3] The Trustee has put forth no reason, but for the early payments, that modification of the plans is appropriate under the provisions of § 1329.

two cases before this Court. Unlike the factual situations in these and similar cases, where a debtor sought either to not use a substantial increase in income to repay creditors or to reduce the amount being paid to creditors by decreasing the amount or number of payments, the Debtors in the two cases before this Court are not reducing the amount being paid to creditors, but in good faith are merely prepaying their monthly payments.

As this Court finds that there is no cause to modify the confirmed Chapter 13 plans under § 1329, there is no need to discuss the requirement that a modified plan needs to comply with the requirements of §1325(b) or the decided cases discussing that requirement.[4]

For the reasons stated above, the Trustee's motions to modify the Chapter 13 plans will be denied.

SEE ORDERS ENTERED THIS DATE.

ENTERED: December 8, 2016

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE/6

---

[4] The Trustee's motions rely on § 1325(b). However, § 1329(b) refers to § 1325(a), not (b). While there are cases that apply the requirements of § 1325(b) to a modified plan, including *In Re King*, Collier's states § 1325(b) is not incorporated in § 1329(b). 8 Collier on Bankruptcy ¶ 1329.05[3]; *See also Germeraad*, *supra*, where the court only references § 1325(a).